**Affirmed as modified; Opinion Filed August 6, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-01446-CR
No. 05-17-01448-CR

**RODNEY DEWAYNE DUFFEY, Appellant**
**V.**
**STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F09-35306-U, F13-35623-U**

# MEMORANDUM OPINION

Before Justices Lang, Myers, and Stoddart
Opinion by Justice Stoddart

Appellant Rodney Dewayne Duffey appeals his convictions, following adjudication of his guilt, for assault involving family violence by impeding the complainant's breathing and evading arrest or detention enhanced. The trial court assessed punishment at eight years' imprisonment in each case. On appeal, appellant's attorney filed a brief in which she concludes the appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response,

but he did not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file pro se response to *Anders* brief filed by counsel).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeals are frivolous and without merit. We find nothing in the record that might arguably support the appeals.

Although not an arguable issue, we note the judgments adjudicating guilt incorrectly recite there were plea bargain terms in these cases. The record, however, shows appellant entered an open plea of true to the allegations in the motion to adjudicate in each case. Accordingly, on our own motion, we modify the judgments to show appellant entered open pleas of true.

We also note the trial court's judgment in cause no. 05-17-01448-CR fails to show the offense was enhanced by two prior felony convictions. The indictment also included two prior felony convictions for possession of a controlled substance, thus enhancing the punishment to that for a third-degree felony offense. *See* TEX. PENAL CODE ANN. § 12.425(a) (West Supp. 2017). At the hearing on the State's motion to adjudicate, the trial court admonished appellant that "its evading enhanced and you pled true to two enhancement paragraphs. So that is a third degree felony as well." Accordingly, on our own motion, we modify the judgment adjudicating guilt to show appellant pleaded true to two enhancement paragraphs and the trial court found the enhancement paragraphs true. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (courts of appeals have authority to modify a judgment); *Estrada v. State*, 334 S.W.3d 57, 63–64 (Tex. App.—Dallas 2009, no pet.) (same).

CONCLUSION

In cause no. 05-17-01446-CR, we modify the section of the judgment adjudicating guilt entitled "Terms of Plea Bargain" to show "Open."

In cause no. 05-17-01448-CR, we modify the section of the judgment adjudicating guilt entitled "Terms of Plea Bargain" to show "Open" and we add the following sections: "Plea to 1st Enhancement Paragraph: True," "Findings on 1st Enhancement Paragraph: True," "Plea to 2nd Enhancement/Habitual Paragraph: True," and "Findings on 2nd Enhancement/Habitual Paragraph: True."

As modified, we affirm the trial court's judgments adjudicating guilt.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
171446F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODNEY DEWAYNE DUFFEY,
Appellant

No. 05-17-01446-CR     V.

STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F09-35306-U.
Opinion delivered by Justice Stoddart.
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment adjudicating guilt of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered this 6th day of August, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODNEY DEWAYNE DUFFEY,
Appellant

No. 05-17-01448-CR     V.

STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F13-35623-U.
Opinion delivered by Justice Stoddart.
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment adjudicating guilt of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

Add section: "Plea to 1st Enhancement Paragraph: True."

Add section: "Findings on 1st Enhancement Paragraph: True."

Add section: "Plea to 2nd Enhancement/Habitual Paragraph: True."

Add section: "Findings on 2nd Enhancement/Habitual Paragraph: True."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered this 6th day of August, 2018.